IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT ROBINSON, | : | Civil No. 1:16-CV-2183 |
| | : | |
| Plaintiff, | : | (Judge Caldwell) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| CONSUMER FINANCIAL | : | |
| PROTECTION BUREAU, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The plaintiff, Scott Robinson, has filed a complaint, and motion for leave to proceed *in forma pauperis*.  In his motion for leave to proceed *in forma pauperis* Robinson alleges that he has no assets, and had incurred too many debts to list concisely.  (Doc. 2.)  In his *pro se* complaint, Robinson avers that despite this status as a complete pauper he applied for loans from Wells-Fargo Bank.  (Doc. 1.)  While Robinson's factual narrative and voluminous exhibits are unclear on this point apparently the bank ultimately declined to extend credit to him.  (Id.)  Robinson attributes this fairly unremarkable loan underwriting decision declining to extend tens of thousands of dollars in credit to a man who has no assets and countless debts, not

1

to the bank, but rather to "Obama Administration/Regime/Apparatchiks' financial behavior/ culpability." (Id., ¶11.) Alleging that the bank's refusal to extend a loan to an admitted pauper violated the United States Constitution, the Bill of Rights, and the Declaration of Independence, (Id., ¶8.), Robinson sues United States Senator Elizabeth Warren and a federal agency, the Consumer Financial Protection Bureau. The basis for Robinson's claims against the Consumer Financial Protection Bureau is entirely unclear. As to Senator Warren, Robinson is apparently suing her because of remarks she allegedly made at a Senate hearing disparaging Wells Fargo Bank. (Id.) Robinson then seeks a total of $644,500 in damages from these defendants. (Id.)

As we have noted, long with this complaint Robinson filed a motion for leave to proceed *in forma pauperis*, (Doc. 2.), which we will GRANT. However, upon a screening review of this *pro se in forma pauperis* complaint, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.   Discussion

### A.   Legal Standards Governing Sufficiency of Civil Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se*

complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court

4

should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The district court must accept all of the . . . well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged . . . are sufficient to show that the

5

plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the p[arty's] entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:  "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'  Id."  Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal benchmarks, for the reasons set forth below, Robinson's complaint is fatally flawed and should be dismissed.

### B.     The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted

In this case, our review of this complaint reveals that Robinson's pleadings fail as a civil rights action on a host of grounds.

First, Robinson's complaint violates the basic rule of pleading which requires that "a district court . . . determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 210-11. In addition, dismissal of this complaint is also warranted because the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, it is also well-settled that: "[t]he Federal Rules of Civil

7

Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen,  236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8  is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008);  Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).

Here, Robinson's pleadings fail to satisfy these basic minimal pleading standards.  Indeed, these pleadings set forth no well-pleaded, or intelligible, factual narrative thread giving rise to civil liability by either Senator Warren or the Consumer Financial Protection Bureau.  In as case such as this where these pleadings would

leave "the defendants having to guess what of the many things discussed constituted [a cause of action]," Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), dismissal of this complaint is fully warranted.

In addition, in this complaint the plaintiff seeks to sue a federal agency, the Consumer Financial Protection Bureau, alleging that this agency has violated his constitutional rights.  Thus, Robinson's complaint appears, in part, to level a Bivens constitutional tort claim against an agency of the United States government.

This he may not do.  Bivens constitutional tort lawsuits can only be lodged against individual government officials.  Indeed, it is well-settled that Bivens actions against the United States – and, by extension, against federal agencies or officials sued in their official capacity – are barred by sovereign immunity, absent an explicit waiver of that immunity.  FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).  Therefore, a Bivens action cannot be brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

These principles defining proper parties in <u>Bivens</u> actions control here and compel dismissal of some of the claims currently lodged in this case.  To the extent that the plaintiff seeks to bring a <u>Bivens</u> constitutional tort claim against an agency of the United States government, a <u>Bivens</u> action cannot be brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

Likewise Robinson's allegations relating to Senator Warren run afoul of a settled legal tenet, the immunity conferred upon legislators by the Speech and Debate Clause of the United States Constitution.  Here Robinson complains about statements allegedly made by Senator Warren during a Congressional hearing examining the conduct of Wells Fargo Bank.  With respect to this activity by the Senator, it is well-settled that:  "Legislative immunity has long been a fixture of our constitutional system.  'The privilege of legislators to be free from arrest or civil process for what they do or say in legislative proceedings has taproots in the Parliamentary struggles of the Sixteenth and Seventeenth Centuries.'  <u>Tenney v. Brandhove</u>, 341 U.S. 367, 372, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).  This legislative 'freedom of speech' is enshrined in the Constitution, <u>see</u> U.S. Const. art. I, § 6 ('[F]or any speech or debate in either House, [Senators and Representatives] shall not be questioned in any other place.')[.]"  <u>Freedom from Religion Found., Inc. v. Saccone</u>, 894 F. Supp. 2d 573,

582 (M.D. Pa. 2012).   This immunity applies to investigative and fact-finding functions like those alleged here, Senator Warren's participation in a Congressional hearing.  Indeed, "Courts have routinely considered many actions taken by legislators that go beyond voting for legislation to be 'legislative acts.'  See, e.g., Eastland, 421 U.S. at 507, 95 S.Ct. 1813 (issuing subpoenas and seizing property and records for committee hearings falls within sphere of legislative acts); In re Grand Jury Subpoenas, 571 F.3d 1200 (D.C.Cir.2009) (statements made by a congressman to the House Ethics Committee regarding private funding for a trip shielded from subpoena by a grand jury); Ray v. Proxmire, 581 F.2d 998, 1000 (D.C.Cir.1978) (senator immune from liability for allegedly libelous statement made in letter submitted to Senate Ethics Committee); McSurely v. McClellan, 553 F.2d 1277, 1286–87 (D.C.Cir.1976) (legislative fact-finding is protected by the Speech or Debate Clause)." Freedom from Religion Found., Inc. v. Saccone, 894 F. Supp. 2d 573, 583 (M.D. Pa. 2012).   Accordingly, Senator Warren's participation in a Congressional hearing is cloaked in the protections of the Speech and Debate Clause and cannot form the basis of a federal civil rights claim.

Further, Robinson's complaint alleges that these defendants have somehow violated the Declaration of Independence in a way which entitles him to collect $644,500.  The short answer to this assertion, however, is that there is simply " 'no

private right of action to enforce the Declaration of Independence.' <u>Black v.</u>
<u>Simpson,</u> No. 07–CV–P354, 2008 WL 544458, at *2 (W.D.Ky. Feb.27, 2008) (citing
<u>Coffey v. United States</u>, 939 F.Supp. 185, 191 (E.D.N.Y.1996))." <u>Madden v.</u>
<u>Philadelphia Parking Auth.</u>, No. CIV.A. 09-5846, 2010 WL 2431832, at *3 n. 6 (E.D.
Pa. June 14, 2010).

Moreover, Robinson simply has not asserted any well-pleaded facts which
would provide a plausible basis for attributing his financial misfortune to any act or
omission of the named defendants.   Instead, Robinson ignores a far more
straightforward and obvious factual basis for this loan underwriting decision which
is based upon facts set forth in his pleadings.   In his motion for leave to proceed *in*
*forma pauperis* Robinson alleges that he has no assets, and had incurred too many
debts to list concisely. (Doc. 2.) These facts, which have been sworn to by Robinson,
provide a clear basis for the bank's decision to decline Robinson's loan request, a
basis for this course of action by the bank which cannot be attributed to the
defendants.

Finally, Robinson's factually unsupported demand for $644,500 in
unliquidated damages is improper. Rule 12(f) of the Federal Rules of Civil Procedure
imposes a duty on the Court to review pleadings and provides that the Court may
upon its own initiative at any time order stricken from any pleading any immaterial

matter.  Fed. R. Civ. P. 12(f).  Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance.  <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F. Supp. 1315 (D. Me. 1984).  In this case, the plaintiff's claim for a specified amount of unliquidated damages, $644,500, violates Local Rule 8.1 which provides, in part, that:  " The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved*.  The short plain statement of jurisdiction, required by Fed.R. Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other."  Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see</u> <u>Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay.  <u>Alston v. Parker</u>, 363 F.3d  229, 235 (3d Cir. 2004).  In this case,

13

taken together, the structural flaws in this complaint are beyond any form of repair.

Therefore, granting leave to amend would, in our view, be futile.  Accordingly, this

complaint should be dismissed without any further leave to amend.

### III.    Recommendation

Accordingly, for the foregoing reasons, the plaintiff is GRANTED leave to

proceed *in forma pauperis*, (Doc. 2.), and IT IS RECOMMENDED that the plaintiff's

complaint be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 31st day of October 2016.

                                        ***S/Martin C.  Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge