UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT ROBINSON,                           :
                                          :
    Plaintiff,                            :
                                          :  CIVIL NO. 1:16-CV-2183
    v.                                    :
                                          :
CONSUMER FINANCIAL                        :
PROTECTION BUREAU, et al.,                :
                                          :
    Defendants.                           :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 28, 2016, *pro se* Plaintiff Scott Robinson filed a complaint and motion for leave to proceed *in forma pauperis* (IFP) against Defendants, United States Senator Elizabeth Warren and the Consumer Financial Protection Bureau (CFPB), alleging that they are to blame for Wells Fargo Bank's denial of his application to refinance his residential mortgage. (Docs. 1-2). Plaintiff alleges that in May 2016, he attempted to refinance his mortgage with Wells Fargo by working with a local mortgage consultant and underwriter. (Doc. 2-3). He claims that, despite complying with all steps of the application process, he was denied the loan on the same day that Senator Warren made remarks at a Senate hearing disparaging Wells Fargo. (Doc. 1 at 4). Despite averring that he has no assets and too many debts to list concisely in his motion to proceed IFP, Plaintiff sued Defendants, alleging that their actions and regulatory scheme caused the denial of his refinancing loan in violation of the United States Constitution, the Bill of Rights, and the Declaration of Independence. (Doc. 1 at 3-4); (Doc. 2 at 2).

On October 31, 2016, Magistrate Judge Martin Carlson evaluated Plaintiff's complaint and motion to proceed IFP. In a thorough and well-reasoned fifteen-page report

and recommendation, Judge Carlson opined that the motion to proceed IFP should be granted, but that the complaint should nonetheless be dismissed for failure to state a claim upon which relief can be granted. (Doc. 5 at 14). After attempting to discern the plausible claims upon which Plaintiff's complaint rests, Judge Carlson found that granting leave to amend would be futile. (Id.) On November 29, 2016, Plaintiff, in what he labeled as a "motion for summary judgment," filed objections[1] to the report and recommendation. (Doc. 8). In those objections, Plaintiff broadly alleges, among other things, that the CFPB has an unconstitutional structure, that Defendants "routinely interfered" with Wells Fargo's refinancing decision, that Defendants overstepped their "Constitutional Authority" resulting in denial of the refinancing loan, that the CFPB does not have sovereign immunity, and that Senator Warren's statements do not qualify as speech or debate covered by the Speech and Debate Clause, U.S. Const. art. I, § 6, cl. 1. (Doc. 8 at 2-5).

While the objections were pending before this court, Plaintiff apparently paid the $400 civil filing fee for his complaint. (Doc. 12). Noting that he had recommended granting Plaintiff's petition to proceed IFP, and that it appears clear that Plaintiff submitted the filing fee in error, Judge Carlson issued an order directing the Clerk of Court to return the fee. (Doc. 12 at 2-3).

When objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06–0793, 2009 WL 113796, at *3 (M. D. Pa. Jan. 16, 2009). "To trigger *de novo* review, however, the objections must be specific." Id. "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically

---

[1] Because this litigation is at an initial screening stage for dismissal under Rule 12(b)(6), see 28 U.S.C. § 1915(e)(2)(B)(ii), we interpret Plaintiff's "motion for summary judgment" filed in response to the report and recommendation as his objection. (Doc. 8).

identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (quoting M.D. Pa. L. R. 72.3).

In his report and recommendation, and in accord with the standard of review under Federal Rule of Civil Procedure 12(b)(6), Judge Carlson attempted to discern any plausible legal bases to the claims in Plaintiff's complaint. Judge Carlson found none. We agree with Judge Carlson's report and recommendation and, upon our independent review of the record, we find Plaintiff's objections totally devoid of merit, and his complaint fails to state a claim upon which relief can be granted. Any leave to amend would be futile.

ACCORDINGLY, this 7th day of February, 2017, upon consideration of Magistrate Judge Carlson's Report and Recommendation (Doc. 5) that Plaintiff's complaint (Doc. 1) be dismissed for failure to state a claim and that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be granted, and, after independent review of the record, and, noting Plaintiff's objections (Docs. 8), and the Court finding Plaintiff's objections to be without merit and addressed by Judge Carlson's thorough report, IT IS ORDERED that:

(1) The Report and Recommendation (Doc. 5) is ADOPTED;

(2) Plaintiff's Objections (Doc. 8) are OVERRULED;

(3) Plaintiff's Complaint (Doc. 1) is DISMISSED WITH PREJUDICE; and

(4) The Clerk of Court shall CLOSE this case.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge